UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| T & T SALVAGE ASIA PTE LTD, §<br>　*Plaintiff*, §<br>§<br>v. §<br>§<br>COHOLD B.V. AND MARIFLEX §<br>GROUP B.V., ET AL., §<br>　*Defendants*. § | CIVIL ACTION NO. 4:25-CV-03591 |

## MEMORANDUM AND RECOMMENDATION

This case in which Plaintiff asserts that Defendants breached the non-competition provision in a purchase and sale agreement is before the Court on Defendants' 12(b) Motion to Dismiss Plaintiff's First Amended Complaint (ECF 4) and Plaintiff's Opposed Motion to Remand (ECF 15). The Court recommends the Motion to Remand for lack of subject matter jurisdiction be granted and thus does not address the Motion to Dismiss.[1]

### I.   Factual and Procedural Background

As of January 1, 2014, Defendant CoHold B.V. (CoHold) owned 100% of a company called Mariflex Asia Pte, Ltd. (Mariflex Asia). ECF 1-1 at 141. On May 27, 2014, Cohold and Plaintiff T &T executed a Purchase and Sale Agreement (PSA)

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 19.

pursuant to which T&T bought all of CoHold's interests in Mariflex Asia, including good will and intellectual property, effective January 1, 2014.  *Id.*  The PSA includes a Non-Competition Clause prohibiting CoHold from competing with Mariflex Asia (designated the "Company" in the PSA) for 10-years.  *Id.*  The PSA also provides that CoHold "shall cause each of its Affiliates . . . not to . . . engage in any business that competes with the Company in the field of the Business, for their own account or for any other Person, throughout Asia . . .."  *Id.*  After the purchase, Mariflex Asia changed its name to Pro Liquid Pte Ltd. (Pro Liquid).  *Id*. at 145.

Plaintiff discovered in 2016 that CoHold and/or its affiliates were breaching the PSA by competing with Pro Liquid in Asia.  *Id.* at 146-47.  Plaintiff filed suit against CoHold in state court in Galveston County, Texas.  *Id.*  Plaintiff and CoHold negotiated a settlement of the Galveston case which included the following amendment to the non-competition clause of the PSA:

> 4.10 Non-Competition.
>
> (a)     Seller shall not and shall cause each of its Affiliates not to (a) conduct any business in Asia with the exception of nonemergency STS in Malaysia until January 1, 2024. (After January 1, 2024, Seller and its Affiliates can conduct sales of equipment in Asia.) and **(b) not to conduct any other additional business in Asia, with the exception of nonemergency STS in Malaysia and sales, until January 1, 2026;**
> . . .

2

*Id.* at 148(emphasis in original). The settlement agreement resulted in an Agreed Judgment and Agreed Permanent Injunction which was entered by the Galveston court on September 20, 2018. *Id.* at 149.

Beginning in 2021, CoHold reorganized its business by creating a holding company, Mariflex Group B.V., to serve as the sole shareholder of: Mariflex Netherlands Group; Mariflex Pump Services; Mariflex Engineering; Mariflex Equipment; and Mariflex Transfer Services (collectively the "Netherlands Mariflex Group"). *Id.* In 2022, CoHold sold the Netherlands Mariflex Group and its U.S. Mariflex Group to Vivar Maritime Services B.V. *Id*. at 149-50. In 2024, Plaintiff discovered that members of the Netherlands Mariflex Group were competing against Pro Liquid in Asia. *Id.* at 150. As a result, Plaintiff filed an Original Petition in state court in Harris County, Texas on April 2, 2025, asserting breach of contract and seeking damages and equitable relief from Cohold B.V. (CoHold) and Mariflex Group B.V., Mariflex Engineering B.V., Mariflex Equipment B.V., Mariflex Group Netherlands B.V., Mariflex Pump Services B.V., and Mariflex Transfer Services, B.V. (collectively "Mariflex Defendants"). ECF 1-1 at 4.

Plaintiff alleges in the First Amended Petition that:

- Plaintiff, T & T Salvage Asia Pte Ltd. (T & T) is organized under the laws of Singapore with its principal place of business in Singapore;

3

- Defendant CoHold is organized under the laws of The Netherlands with its principal place of business in The Netherlands;

- All Mariflex Defendants are organized under the laws of The Netherlands with their principal places of business in The Netherlands.

ECF 1-1 at 138-140. Defendants timely removed the action to federal court based on diversity subject matter jurisdiction. ECF 1. In Response to Plaintiff's Motion to Remand, Defendants argue that Plaintiff might be a citizen of Texas for diversity purposes and seek leave to conduct jurisdictional discovery. ECF 12.

## II.   Order of Consideration

Defendants argue that the Court should consider, and grant, its Motion to Dismiss based on lack of personal jurisdiction before considering Plaintiff's Motion to Remand. ECF 19 at 2. In general, "a federal court . . . may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (emphasis added). However, a district court "may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id*. at 432. The Fifth Circuit recognizes that district courts may choose the least burdensome of multiple threshold grounds for dismissal. *Env't*

*Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008) (citing *Sinochem*, 549 U.S. at 432); *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (finding district court did not abuse its discretion by deciding personal jurisdiction and forum non conveniens before subject matter jurisdiction).

Defendants argue Plaintiff's Motion to Remand is more complicated and burdensome than Defendants' Motion to Dismiss because it requires complex and novel interpretation of the law of Singapore. *See* ECF 19. The Court is not persuaded and therefore first addresses Plaintiff's Motion to Remand, which calls into question this Court's subject matter jurisdiction.

### III.   Legal Standards

Federal jurisdiction is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). A defendant may remove a civil action from state court only if the federal court would have original jurisdiction if the action had been filed in federal court. 28 U.S.C. § 1441(a). A civil case may be removed to federal court based on diversity subject matter jurisdiction where (1) the amount in controversy exceeds $75,000, and (2) the controversy is between citizens of different states, meaning the citizenship of all persons on one side of the controversy differs from that of all persons on the other side. 28 U.S.C. § 1332(a)(1); *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355-56 (5th Cir. 2017) (citations omitted). Under 28 U.S.C. § 1332(a)(3),

federals courts have diversity jurisdiction over cases between "citizens of different States ... in which citizens or subjects of a foreign state are additional parties ...." Under this provision, "federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." *Hil-Tech, LLC v. Shree Mahalaxmi Indus.*, No. 4:22-CV-02310, 2023 WL 4602738, at *3 (S.D. Tex. July 3, 2023) (citations omitted), report and recommendation adopted, No. 4:22-CV-02310, 2023 WL 4602691 (S.D. Tex. July 18, 2023).

A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In contrast, "the citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To establish diversity jurisdiction where one party is an LLC, the party asserting jurisdiction "must specifically allege the citizenship of every member of every LLC." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (citing *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

When a case is removed based on diversity jurisdiction, "operative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The removing party bears the burden of establishing the

existence of federal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Manguno*, 276 F.3d at 723.

IV.   Analysis

In the Notice of Removal, Defendants affirmatively assert that Plaintiff is a citizen of Singapore for diversity purposes and all Defendants are citizens of The Netherlands. ECF 1. Defendants apparently believed at the time of removal that complete diversity exists under 28 U.S.C. § 1332 when foreign entities are on both sides of the litigation. Recognizing their error, Defendants now contend that determining Plaintiff's citizenship is a matter of complex foreign law and that Plaintiff should be considered a citizen of Texas because it is owned by members of the Teichman family of Galveston, Texas. ECF 19.

Defendants have failed to meet their burden to establish complete diversity of citizenship between the parties. At best, they have raised the specter of possible diversity. However, the court resolves all doubts about federal jurisdiction in favor of remand.

Plaintiff is a Pte Ltd. organized under the laws of Singapore with its principal place of business in Singapore. ECF 1-4 at 138. A "Pte Ltd." is a type of private

company in Singapore, authorized by Chapter 18 of The Companies Act of 1967,[2] owned by a limited number of shareholders. Plaintiff is not a Limited Liability Company (LLC). Defendants concede they "have been unable to locate a single case" holding that the citizenship of a Pte. Ltd. is based on the citizenship of its shareholders. *See* ECF 19 at 10.

The Fifth Circuit has held, even as to foreign LLCs, that citizenship is determined based on the entities status as a "juridical person" pursuant to the law under which it was created. *Avialae S De RL DE CV v. Cummins, Inc.*, No. 23-50376, 2024 WL 1461947, at *1 n.1 (5th Cir. Apr. 4, 2024) (citing *Stiftung v. Plains Mktg., LP*, 603 F.3d 295, 298–99 (5th Cir. 2010)). A "juridical person" is a legally separate entity that that "can own property, make contracts, transact business, and litigate in its own name." *Id.* Plaintiff is a juridical person. Indeed, this case revolves around a Purchase and Sale Agreement and a Settlement Agreement entered into by Plaintiff in its own name. In *Prytania Media LLC v. NetEase, Inc.*, No. CV 25-0464, 2025 WL 2624357, at *4 (E.D. La. Sept. 11, 2025), the district court concluded that defendant "NetEase Interactive Entertainment Pte. Ltd. is stated to be a Singapore private limited company with its principal place of business in Singapore," and therefore was a foreign citizen for purpose of diversity. The Court

---

[2] *See* Singapore Statutes Online, https://sso.agc.gov.sg/Act/CoA1967?ProvIds=P13-#pr18- (last visited January 19, 2026).

comes to the same conclusion here—T & T Salvage Asia Pte. Ltd. is a foreign citizen. Therefore, no diversity jurisdiction exists in this case.

## V. Conclusion and Recommendation

Defendants have not met their burden to establish complete diversity between the parties and therefore the Court RECOMMENDS that Plaintiff's Opposed Motion to Remand (ECF 15) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 19, 2026, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge